UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CLINTON,

Plaintiff,

v.

EDWARD JONES AND CO, LP,

Defendant.

CAUSE NO. 3:22-CV-972-RLM-MGG

<u>OPINION AND ORDER</u>

Kevin Clinton was a prisoner when he filed this complaint without a lawyer, but he has since been released. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court has an independent duty to ensure that subject matter jurisdiction exists at every stage of the proceedings. *See* <u>Buethe v. Britt Airlines, Inc.</u>, 749 F.2d 1235, 1238 (7th Cir. 1984) ("[I]t is axiomatic that subject matter jurisdiction cannot be waived, and that courts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking."). Mr. Clinton's complaint doesn't allege a basis for the court's subject matter jurisdiction over the case.

Mr. Clinton's complaint stems from a criminal judgment against him in which he was ordered to pay more than $2 million in restitution to his former employer. *See* <u>United States v. Clinton</u>, No. 3:18-CR-136-RLM-MGG (N.D. Ind. decided Oct. 24,

2019) at ECF 55. As part of the criminal proceedings, the government filed an Application for Writ of Garnishment against Edward Jones based on accounts Edward Jones held on behalf of Mr. Clinton. *Id.* at ECF 67. After substantial briefing, the court ordered Edward Jones to:

> (1) turn over one-half of the balance of Kevin and Eva Clinton's Brokerage Account plus $10,000 from Kevin Clinton's IRA to Eva Clinton for her use to provide for her dependent minor daughters; and

> (2) turn over the remaining funds in the Brokerage Account and the IRA, less the federal and state tax liability incurred upon liquidation of both accounts, to the U.S. District Court Clerk, United States District Court, 204 S. Main Street, South Bend, IN 46601; and

> (3) turn over the balance of both accounts reserved to cover tax liability to Eva Clinton.

*Id.* at ECF 136 at 19. Mr. Clinton appealed that order. *Id.* at ECF 138.

After Edward Jones carried out that order in April 2022, Mr. Clinton filed an emergency request for a hearing, stating that the amounts Edward Jones left in the accounts for his wife was incorrect. United States v. Clinton, No. 3:18-CR-136 at ECF 147. The court denied the request for a hearing because Mr. Clinton hadn't set forth facts that would support relief. *Id.* at ECF 149. Mr. Clinton renewed his request, arguing that the distribution was incorrect. *Id.* at ECF 151. He argued that the applicable federal tax rate was 37 percent and the applicable state tax rate was 3.23 percent, but Edward Jones withheld only 10 percent for taxes. *Id.* He also contended that Edward Jones didn't leave his wife her share of the accounts as detailed in the court order. *Id.* The court denied Mr. Clinton relief as to the previously raised tax issue. *Id.* at ECF 153 at 1. As to the money allegedly due to his wife, the court noted:

> Assuming the accuracy of Defendant's premise that Edward Jones has misinterpreted the Court's garnishment order and/or has improperly distributed the funds on deposit, Mrs. Clinton may have a separate civil claim against Edward Jones. However, Mrs. Clinton would need to pursue those

claims independently and Defendant may not act as her representative or attorney-in-fact.

*Id.*

Mr. Clinton then filed another emergency motion regarding the tax calculations. United States v. Clinton, No. 3:18-CR-136 at ECF 156. That motion was denied as moot. *Id.* at ECF 157. The court noted, "The Court's garnishment order did not discuss specific tax calculations thereby implicitly deferring to the normal tax withholding processes necessarily in place at Edward Jones." *Id.* at 1. Mr. Clinton appealed that order as well. *Id.* at ECF 159. The two appeals have been consolidated and are pending in the court of appeals. *See* United States v. Clinton, Nos. 22-1130, 22-2502 (7th Cir. consolidated Sept. 12, 2022).

In this civil lawsuit, Mr. Clinton sues Edward Jones and Co., LP, alleging that the company improperly calculated the tax withholdings, leaving him more than $200,000 short of the taxes he owes. ECF 1 at 2. The court cannot proceed to the merits of the claim until Mr. Clinton establishes a basis for the court to exercise subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, which means that there are specific requirements that must exist before a federal court may hear a claim. Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 679 (7th Cir. 2006). In this situation, to come within federal jurisdiction, a claim must either be based on a federal question, 28 U.S.C. § 1331, or fall under diversity jurisdiction, 28 U.S.C. § 1332. No potential federal question is apparent on the face of the complaint, so for the court to hear the case, it must fall under diversity jurisdiction.

Diversity jurisdiction requires the plaintiff to be a citizen of a different state than the defendants and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. The complaint doesn't allege anybody's citizenship. For individuals, "state citizenship is determined by one's domicile." Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Domicile requires physical presence in a state with the intent to remain there. See Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). A limited partnership, which Edward Jones is alleged to be, "has the citizenships of each partner, general and limited." Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs., 101 F.3d 57, 58 (7th Cir. 1996). The complaint doesn't identify the limited and general partners of Edwards Jones or their citizenships.

Moreover, it isn't clear whether Mr. Clinton can meet the $75,000 amount in controversy required for diversity jurisdiction. Federal courts generally accept the allegations of damages in a plaintiff's complaint "unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" Smith v. American General Life and Acc. Ins. Co., Inc., 337 F.3d 888, 892 (7th Cir. 2003) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Mr. Clinton alleges that he is short $200,000 to meet his tax liability, ECF 1 at 2, but he doesn't provide any information about the value of the accounts upon liquidation to support his allegation that he owes more than $200,000 in taxes. According to filings in the criminal case, in March 2020, Edward Jones reported that the value of the accounts was approximately $183,000. Clinton, No. 3:18-CR-136-RLM-MGG at ECF 136 at 9. Mr. Clinton reported that by February 2021, the accounts had increased to nearly

$500,000. *Id.* But the value of the accounts when they were liquidated in April 2022 is unknown, so the court is unable to determine whether Mr. Clinton's allegations of the tax liability is plausible.

Moreover, it's not clear whether Mr. Clinton even incurred a loss for purposes of the amount in controversy. Any amount that Edward Jones should have withheld for taxes, but did not, went to satisfying the $2 million restitution order from the criminal case. It's not clear that Mr. Clinton experienced any financial harm; he simply owes different amounts to different entities, but his total outstanding debt remains unchanged. No extra money would go into his pocket, and he doesn't explain how he is otherwise harmed by this reallocation of debt.

This complaint doesn't allege a basis for federal jurisdiction. If he believes he can meet the requirements for federal jurisdiction, Mr. Clinton may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018).

For these reasons, the court:

(1) GRANTS Kevin Clinton until **April 28, 2023**, to file an amended complaint; and

(2) CAUTIONS Mr. Clinton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2) without further notice because it is frivolous to bring a claim in federal court without a plausible basis for federal jurisdiction.

SO ORDERED on March 30, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT