UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN CLINTON,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD JONES AND CO., LP,<br><br>    Defendant. | CAUSE NO. 3:22-CV-972-RLM-MGG |

OPINION AND ORDER

Kevin Clinton, a prisoner without a lawyer, filed a complaint against Edward Jones and Co., LP, alleging the company improperly carried out a garnishment order that was entered in his criminal case, United States v. Clinton, No. 3:18-CR-136-RLM-MGG (N.D. Ind. decided Oct. 24, 2019). That order instructed the company to liquidate Mr. Clinton's brokerage and IRA accounts to apply towards the $2 million in restitution he owed to his former employer, but to reserve an amount for Mr. Clinton's wife's use and for tax liability. When that liquidation occurred in April 2022, Mr. Clinton filed several motions in his criminal case, arguing that Edward Jones didn't withhold enough to cover his state and federal tax liability. *See id.* at ECF 147, 151, 156. The court denied him relief there, and the denial of those orders are on appeal. See United States v. Clinton, Nos. 22-1130, 22-2502 (7th Cir. consolidated Sept. 12, 2022). Mr. Clinton then filed his action.

This complaint doesn't state a federal claim. See D. Patrick, Inc. v. Ford Motor Co., 8 F.3d 455, 459 (7th Cir. 1993) ("There is no such thing as an independent cause

of action for civil contempt. Instead, civil contempt proceedings are considered to be a part of the action from which they stem.") (cleaned up); United States v. Kollintzas, 501 F.3d 796, 800-803 (7th Cir. 2007) (discussing garnishment procedures in criminal case where restitution was ordered); *see also* United States v. Blevins, 403 F. App'x 101 (7th Cir. 2010) (discussing challenge to garnishment proceedings stemming from criminal restitution order). To the extent Mr. Clinton has a claim against Edward Jones for the way in which it made the calculations when liquidating the account (and the court expresses no opinion on whether he does), it is under state law.

To that end, Mr. Clinton was told that he needed to establish a basis for diversity jurisdiction in order to proceed on a state-law claim in federal court. ECF 16. Diversity jurisdiction requires the plaintiff to be a citizen of a different state than the defendants and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Domicile requires physical presence in a state with the intent to remain there. *See* Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). A limited partnership, which Mr. Clinton alleges Edward Jones is, "has the citizenships of each partner, general and limited." Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs., 101 F.3d 57, 58 (7th Cir. 1996).

Mr. Clinton filed an amended complaint. ECF 17. As the plaintiff bringing the lawsuit, he bears the burden to establish that subject matter jurisdiction exists. *See* Meridian Sec. Ins. Co v. Sadowski, 441 F.3d 536, 540 (7th Cir. 2006). Despite the earlier order explaining that he needed to allege a basis for subject matter

2

jurisdiction, he didn't include allegations about any party's citizenship. This case will be dismissed for lack of subject matter jurisdiction. ECF 17.

Mr. Clinton also filed a motion to seal. ECF 18. He includes as an exhibit the Form 1099-R he received from Edward Jones showing the amount that was disbursed and the taxes withheld. ECF 19. He asks the court to seal this document because it is a "federal tax form." ECF 18. Mr. Clinton doesn't provide a valid basis to seal the tax form. *See* Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) (requiring "good cause" to seal part of the record). Any private information on the form, such as account numbers or taxpayer id numbers, could be redacted as set forth in Federal Rule of Civil Procedure 5.2. Therefore, the motion will be denied. But because the Form 1099-R does not touch on any party's citizenship, it is irrelevant to the case and will be stricken. This will prevent the form from being publicly available in the record.

For these reasons, the court:

(1) DENIES the motion to seal (ECF 18);

(2) STRIKES the exhibit (ECF 19); and

(3) DISMISSES this case WITHOUT PREJUDICE because it is frivolous to bring a claim in federal court without a plausible basis for federal jurisdiction.

SO ORDERED on April 28, 2023

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT