UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN CLINTON, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD JONES AND CO, LP, <br><br> Defendant. | CAUSE NO. 3:22-CV-972-RLM-MGG |

OPINION AND ORDER

Kevin Clinton, a prisoner without a lawyer, began this case with a complaint against Edward Jones and Co, LP, challenging the way in which Edward Jones calculated his tax liability when carrying out a garnishment order from the district court to satisfy a restitution order Mr. Clinton owed after he was found sentenced for embezzling more than $2 million from his employer. ECF 1; *see* United States v. Clinton, No. 3:18-cr-136-RLM-MGG (N.D. Ind. decided Oct. 24, 2019). Because there was no federal question apparent on the face of the complaint, Mr. Clinton was told that he needed to allege a plausible basis for diversity jurisdiction under 28 U.S.C. § 1332:

> Diversity jurisdiction requires the plaintiff to be a citizen of a different state than the defendants and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. The complaint doesn't allege anybody's citizenship. For individuals, "state citizenship is determined by one's domicile." Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Domicile requires physical presence in a state with the intent to remain there. *See* Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). A limited partnership, which Edward Jones is alleged to be, "has the citizenships of each partner, general and limited." Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs., 101 F.3d 57, 58 (7th Cir. 1996). The complaint doesn't identify the limited and general partners of Edwards Jones or their citizenships.

ECF 16 at 4. In addition to the parties' citizenships, Mr. Clinton was told he needed to provide a basis for the damages he alleges he suffered to meet the jurisdictional threshold. *Id.* at 4-5.

In response, Mr. Clinton filed an amended complaint listing the ways he believes he was financially harmed by Edward Jones, but the complaint did not mention either party's citizenship. ECF 17. It is his burden to establish the court has subject matter jurisdiction over the case. *See* Page v. Democratic Nat'l Comm., 2 F.4th 630, 634 (7th Cir. 2021) ("The party invoking diversity jurisdiction (most often the plaintiff) bears the burden of showing its existence."). In the absence of a plausible basis for jurisdiction, the court dismissed the case without prejudice for lack of subject matter jurisdiction. ECF 20, 21.

Soon after the case was dismissed, Mr. Clinton filed what he titled, "Jurisdictional Diversity Amendment." ECF 23. The court will construe the filing as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." Matter of Prince, 85 F.3d 314 (7th Cir. 1996); Deutsch v. Burlington N. R.R. Co., 983 F.2d 741 (7th Cir. 1993).

In the filing, Mr. Clinton attempts to provide the information missing from his amended complaint, but he doesn't explain why he didn't include this information in his amended complaint. He alleges that Edward D. Jones & Co., L.P., is a Limited Partnership with its principal place of business and

2

headquarters in St. Louis, Missouri, and therefore contends Edward Jones is a citizen of Missouri for purposes of diversity jurisdiction. This is incorrect. As Clinton was told, a limited partnership shares the citizenship of each of its general and limited partners. The principal place of business of a limited partnership is irrelevant for purposes of citizenship under diversity.

Clinton further states that "as a private company, Edward D. Jones & Co., L.P. is not required to publish a list of its partners. This fact does not affect the determination of the company's citizenship for jurisdictional purposes, as the company's headquarters and principal place of business are both located in Missouri." ECF 23 at 1. Mr. Clinton's additional attempt to skirt the requirements of diversity jurisdiction is unavailing, as the location of Edward Jones' headquarters and principal places of business can't substitute for the citizenships of its partners:

> When it comes to corporations, however, the diversity statute itself makes clear that a corporation is a citizen of both its state of incorporation and the state in which it maintains its principal place of business. . . .
>
> Determining the citizenship of other forms of business associations is often more difficult. Partnerships, for example, are citizens of every state in which an individual partner is a citizen. The same rule applies to other unincorporated entities, like limited liability companies, whose citizenship is also determined by the citizenship of its members. Think about the size of many of today's partnerships, whether law firms, accounting firms, consulting firms, and so on. It is often no easy task for a plaintiff to discern the domicile (and, by extension, citizenship) of each partner or member. *See Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (observing that tracing the citizenship of unincorporated associations "may create some extra work for the diligent litigant, and for those with less diligence the limited partnership has become a notorious source of jurisdictional complications" (internal quotation marks omitted)).

3

Page v. Democratic Nat'l Comm., 2 F.4th at 635 (quotation marks and citations omitted).

To the extent that Mr. Clinton is arguing that he can't learn the identities of the partners, he hasn't told the court what measures he has taken to learn their identities. So the difficulties in identifying the partners can't excuse his choice to leave allegations of citizenship out of his amended complaint.

Mr. Clinton's belated attempt to establish diversity jurisdiction isn't sufficient to reopen the case. His jurisdictional facts themselves are insufficient, and he doesn't explain why he didn't include allegations of citizenship in the amended complaint as instructed. This determination doesn't go to the merits of any potential claim against Edward Jones. Rather, it goes to whether the case should be filed in federal or state court, and Mr. Clinton hasn't established a basis for the federal court to hear the case.

For these reasons, the court CONSTRUES the filing (ECF 23) as a motion to reopen under Federal Rule of Civil Procedure 59(e) and DENIES the motion.

SO ORDERED on June 20, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
